**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEREMY MCGOWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** <u>3:24-cv-03225</u> |
| | § | |
| **JONES LANG LASALLE AMERICAS,** | § | |
| **INC., D/B/A JLL** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jeremy McGown ("McGown" or "Plaintiff"), Plaintiff in the above-styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Jones Lang Lasalle Americas, Inc., d/b/a JLL ("JLL" or "Defendant"), and for cause of action, would show as follows:

## I.    INTRODUCTION

1.    This action seeks unpaid commissions, compensatory damages, punitive damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for discrimination on the basis of race in the course of McGown's employment with Defendant.  McGown complains that he was discriminated against regarding the terms and conditions of his employment because of race and demands a jury on all issues triable to a jury.

## II.    PARTIES

2.    McGown is a citizen of the United States and is currently a resident of Dallas, Texas.

3.    JLL is a Delaware foreign for-profit corporation with a principal place of business in Chicago, Illinois.  McGown worked for Defendant at its office in Dallas, Texas.  Defendant's registered agent for service of process in Texas is United Agent Group, Inc., which may be served at 5444 Westheimer, Suite 1000, Houston, Texas 77056, or wherever the agent may be found.

### III.    JURISDICTION AND VENUE

4.    This action is brought under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq*.; and the Civil Rights Act of 1991.

5.    This Court has jurisdiction over all claims in this action.  The amount in controversy is within the jurisdictional limits of this Court.

6.    Venue is proper in the Northern District of Texas—Dallas Division under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these causes of action occurred in the Northern District of Texas—Dallas Division.  Furthermore, this action arises under the laws of the United States.

### IV.    PROCEDURAL REQUISITES

7.    McGown filed a Charge of Discrimination ("Charges") against Defendant under Charge Number 450-2023-08393 with the Dallas District Office of the U.S. Equal Employment Opportunity Commission ("EEOC") on August 8, 2023.  In his Charge, McGown asserted that Defendant discriminated against him because of his race.

8.    On September 24, 2024, upon McGown's request, the EEOC issued a Notice of Right to Sue letter, entitling McGown to file an action in this Court.

9.    The filing of this lawsuit has been accomplished within ninety (90) days of McGown's receipt of the Notice of Right to Sue letter.

10.    All conditions precedent to filing this cause of action have been met.

### V.   FACTS

11.     McGown is an African American male.  He began his employment with Defendant as an analyst in June 2012.  McGown's career at JLL progressed rapidly, and he became a broker in January 2015. McGown resigned from his employment from JLL effective January 12, 2022.

12.     On or about October 10, 2022, JLL emailed McGown a proposed Confidential Separation Agreement and General Release, wherein it offered to pay McGown for certain "trailing" transactions on which he had worked prior to his separation, if such transactions closed on or before June 27, 2022, and if JLL received payment on those transactions on or before December 27, 2022.

13.     On or about October 11, 2022, Brad Selner, JLL President, South Central Region, and Susan Goslee, Operations Lead for the South Central Region, informed McGown during a Zoom meeting, that the trailing compensation package was JLL's final offer and that the company would not increase the length of the trailing period.

14.     In contrast to JLL's final offer to McGown with respect to trailing compensation, McGown was aware that JLL had agreed to pay non-African American brokers, of comparable experience and skill to McGown, trailing compensation packages that covered significantly longer periods of time. Such non-African American brokers include, but are not limited to, Matt Samler (White male), Russell Cosby (White male), and Scott Collier (White male). Upon information and belief, JLL agreed to pay such White brokers trailing compensation on deals that closed within 12 months—if not longer—of their separation from JLL.

15.     JLL's final offer of trailing compensation to McGown would have amounted to approximately $80,224 in compensation to him instead of over $1,000,000, which is what McGown would have been entitled to receive had JLL offered him a comparable compensation

package to those that it offered non-African American brokers.

16.    Prior to McGown's departure from JLL, the company's standard operating procedure was to allow the broker partner(s) who remained on a deal at JLL to decide whether or not payment would be made to a broker who had left JLL and the trailing compensation deadline had passed. However, the week McGown left JLL, the company altered that policy so that the broker(s) who remained on a deal were no longer permitted to make that decision. Upon information and belief, JLL made this policy change in an effort to deprive McGown of the majority of his trailing compensation, a substantial portion of which (McGown estimates $300,000+) was on deals that closed during the 6-month period following McGown's separation from JLL.

17.    JLL discriminated against McGown on the basis of his race, African American, in violation of Section 1981; Title VII of the Civil Rights Act of 1964, as amended; and the Civil Rights Act of 1991 when it refused to pay McGown a trailing compensation package for a period of time comparable to that of his non-African American peers, and when it changed its policy of allowing brokers that remained on a deal to determine whether commissions would be paid on deals that closed after the trailing compensation deadline had passed to brokers that had left JLL.

## VI.    VIOLATION OF SECTION 1981, SECTION 1981A, AND THE CIVIL RIGHTS ACT OF 1991

18.    McGown incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

19.    McGown is an African American male, a group that 42 U.S.C. § 1981a intended to protect.  As such McGown is a member of an ethnic group which is – and is commonly perceived as being – ethnically and physiognomically distinct.

4

20.     As described above, Defendant treated McGown less favorably than his Caucasian counterparts/team members and ultimately discriminated against McGown because of his race. Defendant also subjected McGown to different terms, conditions, and privileges of employment because of his race, in violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and 42 U.S.C. § 1981, for which McGown requests economic, compensatory, and punitive damages.

## VII.    RACE DISCRIMINATION UNDER TITLE VII

21.     McGown incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

22.     Defendant's actions violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq*, for violation of McGown's equal right to be free from race-based discrimination.  For all of the reasons enumerated in ¶¶ 11 – 17, Defendant is liable for race discrimination against McGown.

## VIII.    EXEMPLARY DAMAGES

23.     Defendant's actions were harsh, oppressive, and malicious.  The wrong done by Defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Defendant acted with an evil intent to harm McGown.  The conduct was intentional and without justification or excuse.  McGown, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## IX.    JURY DEMAND

24.     McGown requests a trial by jury on issues triable by a jury in this case.

## X.    PRAYER

WHEREFORE, Plaintiff Jeremy McGown respectfully prays that upon final trial hereof, this Court grant him appropriate unpaid commissions; mental anguish and emotional distress in the past and the future; compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
djs@kilgorelaw.com
3141 Hood Street, Suite 500
Dallas, Texas 75204-1194
Telephone: (214) 969-9099
Facsimile: (214) 379-0843

**ATTORNEYS FOR PLAINTIFF**
**JEREMY MCGOWN**